UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHARON A. BACON,

    Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

    Defendant.

CASE NO.    C07-5435JKA

ORDER AFFIRMING ADMINISTRATIVE DECISION

    This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

    Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits. Specifically, plaintiff argues (1) the ALJ erred when he discounted medical opinion evidence that arose after Plaintiff's last date insured (which is September 30, 2001); (2) the ALJ erred when he ignored vocational expert John Fountaine's report; (3) the ALJ erred when the ALJ failed to consider Plaintiff's history of "Psycho-Social" pain syndrome; and (4) the ALJ improperly assessed or discredited Plaintiff's testimony. After reviewing the record, the court finds and orders as follows:

    1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the

ORDER
Page - 1

1  proper legal standard and there is substantial evidence in the record as a whole to support the decision.
2  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence
3  as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S.
4  389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less
5  than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
6  Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational
7  interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th
8  Cir. 1984).

9      2. The ALJ properly reviewed and considered the medical evidence.  The ALJ is entitled to
10 resolve conflicts in the medical evidence.  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).  He
11 may not, however, substitute his own opinion for that of qualified medical experts.  Walden v. Schweiker,
12 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is contradicted by another doctor, the
13 Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported
14 by substantial evidence in the record for doing so.  Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).
15 " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies
16 the rejection of the opinion of either an examining physician or a treating physician."  Lester v. Chater,
17 81 F.3d 821, 831 (9th Cir. 1996).  In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the
18 Ninth Circuit upheld the ALJ's rejection of  a treating physician's opinion because the ALJ relied not
19 only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results,
20 contrary reports from examining physicians and on testimony from the claimant that conflicted with the
21 treating physician's opinion.

22    In this case, Plaintiff argues that the ALJ failed to properly consider plaintiff's "psycho-social
23 condition" and failed to properly address the opinions of Dr. Schuster and Dr. Krumins.  After reviewing
24 the ALJ's decision and the administrative record, the undersigned finds no error in the ALJ's evaluation
25 of Ms. Bacon's impairments and the medical evidence.   The ALJ properly found Plaintiff suffered from
26 degenerative joint disease of the knees, right shoulder, and right foot/ankle, carpal tunnel syndrome,
27 degenerative disc disease of the back; and obesity.  The ALJ did not find any mental limitations, and there
28 is insufficient medical evidence, during the relevant time period, to support any finding of a mental

impairment.

With respect to Dr. Schuster and Dr. Krumins, each of these physicians opined that Plaintiff was disabled of May 22, 2003. However, the ALJ properly did not rely on these opinions because they did not provide significant evidence to the relevant time period in this case. Plaintiff's last date insured is September 30, 2001, therefore, it is Plaintiff's burden to establish disability on or before that date. After reviewing the relevant and timely medical evidence, the ALJ reasonably explained, "These [later] opinions do not shed any light on the claimant's functioning as of her date last insured, however, and are therefor not relevant to the decision at hand, Furthermore, I note that Dr. Krumins stated on two separate occasions that the claimant could return to work during the period at issue." (Tr. 27).

3. The ALJ did not err when he did not accept the lay opinion evidence provided by Mr. John Fountaine. Mr. Fountaine is a vocational expert, and he interviewed and tested Plaintiff on July 31, 2003. In a report dated January 24, 2005, Mr. Fountaine concluded,

> Her preexisting medical conditions continued to limit her, and became more pronounced following her April 18, 1994 injury. The limitations related to her April 18, 1994 injury alone do not render Ms. Bacon unemployable; however when her preexisting impairments and conditions are combined with her April 18, 1994 injury related impairments, Ms. Bacon is unemployable. At age 50, she is approaching advanced work age. She retains few usable transferable skills which will assist her in obtaining alternate work. Additional psycho/social difficulties also preexist her April 18, 1994 injury, and combine to significantly erode her occupational base. She is unlikely to benefit from further vocational services.

(Tr. 192).

After reviewing the record, the undersigned finds no error in the ALJ's decision, which gives little credit to Mr. Fountaine's opinion. Similar to the medical opinions discussed above, Mr. Fountaine's report does not address the specific time period.

4. The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints of pain. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215

ORDER
Page - 3

(11th Cir. 1991)).

Here, Plaintiff was noted to engage in symptom magnification upon physical examination (Tr. 24, 526-527).  The ALJ also noted Plaintiff's inaccuracy in reporting the history of her various impairments, such as carpal tunnel syndrome (Tr. 25).  The court finds the ALJ's reasons for discrediting plaintiff's testimony legally sufficient.

5. Accordingly, the Court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

DATED this 25th day of April, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge